IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RICHARD SHAWN FRANCIS, | ) |
| | ) CASE NO. 1:21-CV-00116 |
| Plaintiff, | ) |
| | ) JUDGE SUSAN J. DLOTT |
| v. | ) |
| | ) |
| EAGLE CREEK HEALTHCARE | ) |
| GROUP, INC. d/b/a EAGLE CREEK | ) |
| NURSING CENTER, et al., | ) |
| | ) |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order ("Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All documents produced in the course of discovery, including but not limited to, initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, information disclosed pursuant to third-party subpoenas *duces tecum*, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by (1) placing or affixing the word "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" designation or (2) by providing written intent to designate a specific, identifiable group of documents as "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only". Documents shall be designated "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" prior to or at the time of the production or disclosure of the documents or as soon as reasonably feasible following production. The designation "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated "CONFIDENTIAL – Subject to Protective Order."** Any party may designate documents as "CONFIDENTIAL – Subject to Protective Order" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive personal financial or commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL – Subject to Protective Order."

4. **Documents Which May be Designated "CONFIDENTIAL – Attorneys' Eyes Only."** Each party shall have the right to designate documents deemed by a party as containing

highly sensitive trade secrets or other highly sensitive personal, competitive or confidential information where disclosure to another party would result in demonstrable harm to the disclosing party as "CONFIDENTIAL – Attorneys' Eyes Only." All discovery materials and information received by counsel for any party pursuant to Section 1, *supra*, which are designated by an opposing party as containing or comprising such "CONFIDENTIAL – Attorneys' Eyes Only" information shall be retained in the offices of outside counsel. Further, access, copying and/or dissemination of information, documents and things so identified in this paragraph as "Confidential – Attorneys' Eyes Only" shall be limited to (a) outside counsel for the parties and (b) party representative(s) whose assistance is reasonably necessary to the conduct of the litigation, including but not limited to Experts, *infra*, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

5. **Depositions.** Deposition testimony shall be deemed "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only." Thereafter, the deposition transcripts and any of those portions so designated shall be protected as "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only," pending objection, under the terms of this Order.

6. **Protection of CONFIDENTIAL Material.**

   a. **General Protections.** Documents designated "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in 6(b) for

any purpose whatsoever other than to prepare for and to conduct discovery, litigation, and trial in this action, including any appeal thereof.

  **b. Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" documents to any third person or entity except as set forth in subparagraphs (i)-(vi). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only":

  i. **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the litigation, preparation, and trial of the action;

  ii. **Parties.** Parties and employees of a party to this Order;

  iii. **Fact Witnesses.** Fact witnesses to the litigation who may be deposed or called to testify on behalf of the parties, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

  iv. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

  v. **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained

in Attachment A, Acknowledgment and Agreement to be Bound; and

  **vi. Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

 **c. Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" pursuant to the terms of this Order. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

 **d. Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "Copies") of documents designated as "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" if the word does not already appear on the Copy. All such Copies shall thereafter be entitled to the protection of this Order. The term "Copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential

documents or otherwise disclose the substance of the confidential information contained in those documents.

e. **Inadvertent Production.** Inadvertent production of any document or information without designation as "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" shall be governed by Fed. R. Evid. 502.

7. **Filing Materials Containing Information With A Confidentiality Designation.** In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the

public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) **fourteen** days before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) **seven** days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

8. **Challenges by a Party to Designation as Confidential.** Any "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" designation is subject to challenge by any party or nonparty with standing to object (hereafter "Party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" designation as to any documents subject to the objection, the designating Party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial

"CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11. Obligations on Conclusion of Litigation.**

    **a. Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **b. Return of "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" under this Order, including Copies as defined in ¶ 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL – Subject to Protective Order," so long as that work product does not duplicate verbatim substantial portions

of the text or images of confidential documents. This work product shall continue to be "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" under this Order: An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL - Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" documents.

      **c. Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**13. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" by counsel or the parties is, in fact, confidential, until such time as the Court may rule on a specific document or issue.

**14. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:   6/2/2021

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

**WE SO STIPULATE and agree to abide by the terms of this Stipulated Protective Order:**

| | |
|---|---|
| <u>/s/ *Sharon Cason-Adams*</u> (per e-consent 6/1/21)<br>Sharon Cason-Adams (Reg. No. 0067550)<br>   Email:  scasonadams@ageeclymer.com<br>AGEE CLYMER<br>140 East Town Street<br>Suite 1100<br>Columbus, Ohio 43215<br>Telephone: 614-221-3318<br>Fax: 614-221-7308<br><br>*Attorney for Plaintiff* | <u>/s/ *Sara Ravas Cooper*</u><br>Mark S. Fusco (Reg. No. 0040604)<br>   Email: mfusco@walterhav.com<br>   Direct Dial: 216-619-7839<br>Sara Ravas Cooper (Reg. No. 0076543)<br>   Email: scooper@walterhav.com<br>   Direct Dial: 216-928-2898<br>James M. McWeeney, II (Reg. No. 0088341)<br>   Email: jmcweeney@walterhav.com<br>   Direct Dial: 216-928-2959<br><br>WALTER \| HAVERFIELD LLP<br>The Tower at Erieview<br>1301 E. Ninth Street, Suite 3500<br>Cleveland, Ohio 44114<br>Phone:  216-781-1212<br>Fax:  216-575-0911<br><br>*Attorneys for Defendants* |

# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RICHARD SHAWN FRANCIS, | ) |
| | ) CASE NO. 1:21-CV-00116 |
| Plaintiff, | ) |
| | ) JUDGE SUSAN J. DLOTT |
| v. | ) |
| | ) |
| EAGLE CREEK HEALTHCARE | ) |
| GROUP, INC. d/b/a EAGLE CREEK | ) |
| NURSING CENTER, et al., | ) |
| | ) |
| Defendants. | |

## AGREEMENT AND ACKNOWLEDGMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court, Southern District of Ohio, in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated "CONFIDENTIAL – Subject to Protective Order" or "CONFIDENTIAL – Attorneys' Eyes Only" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in

{25449 / 03801346 - 1}

penalties for contempt of court.


Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____ _____
                             Signature